IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Anthony Allen, | C/A No. 8:18-cv-1614-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On May 28, 2019, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 21. On June 11, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on June 24, 2019. ECF Nos. 23, 25. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

In November 2014, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of September 1, 2008. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 21, 2017. The ALJ denied Plaintiff's applications in a

2

decision issued May 15, 2017.  The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied.  Plaintiff objects to the Report, claiming the Appeals Council failed to weigh new and material evidence that was submitted with Plaintiff's request for review.  In his request for review to the Appeals Council, Plaintiff submitted medical imaging, treatment notes, and a questionnaire.  As the Report noted, "the Appeals Council specifically found that the new evidence did not relate to the period at issue and advised Plaintiff of his right to file a new application or a civil action."  ECF No. 21 at 18.  Plaintiff acknowledges, as he must, that the evidence submitted to the Appeals Council post-dated the ALJ's decision; however, Plaintiff contends that this evidence relates back to conditions that existed prior to the ALJ's decision.

Upon review of the relevant law and the medical records at issue in this case, the Court agrees with the Magistrate Judge that the post-ALJ decision evidence does not "identify any … linkage to the relevant time period."  *Id.* at 20.  "[A]t best, [the evidence] shows a worsening of [Plaintiff's] condition after the ALJ's decision and not the state of his condition, which was at a heightened level of severity, at the time of the ALJ's decision."  *Id.*  While medical records are not automatically barred simply because they post-date the ALJ decision, there must be "*some inference of a linkage*" to the relevant period.  *Hooks v. Colvin*, No. 9:15-cv-02428-RBH, ECF No. 20 at 9 (Sept. 22, 2016).  Here, no such linkage exists.  Of course, this evidence may form the basis of a new

application for benefits, based on a new disability onset date; however, it does not warrant remand.

Moreover, even if the MRI results were considered upon a remand to be evidence of a chronic condition relating back to the relevant time period, those results are not inconsistent with the ALJ's decision in this case. Indeed, the contemporaneous medical notes of Dr. Baird, a treating physician, are consistent with the decision in light of Dr. Baird's expectation that the Plaintiff would "continue to look for work and insurance options." ECF No. 10-2 at 50. Accordingly, the Court overrules Plaintiff's objection and adopts the Report and incorporates it by reference herein.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2019
Spartanburg, South Carolina